FILED
SUPERIOR COURT
OF GUAM

2018 MAY 22 PM 1:27

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO.: CF0156-18 |
| vs. | |
| MIKA LINDSEY TAKANO *et al.* | **DECISION AND ORDER** |
| DOB: 06/25/1983 | (Defendant's Motion to Modify Bail Conditions) |
| DEFENDANT. | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on May 21, 2018 2018, Mika Lindsey Takano's ("Defendant") Motion to Modify Bail Conditions. The Defendant appeared with counsel, Attorney Leevin T. Camacho. Assistant Attorney General Rogelio G. Batarao Jr. appeared on behalf of the People of Guam ("People"). Upon review of the written and oral arguments, and legal authorities presented by the Parties, the Court **DENIED** the Defendant's motion in open court and on the record on May 21, 2018. The Court hereby issues the instant Decision and Order confirming said Denial. The Motion to Modify Bail Conditions is thus **DENIED**.

///

///

**ORIGINAL**

## BACKGROUND

On March 15, 2018, Officers from the Guam Police Department received a tip that drugs were being sold from a certain condominium in Harmon, Guam. Decl. Matthew A. Phelps Supp. Magistrate's Compl. (Mar. 16, 2018). During a surveillance operation on the condominium and surrounding area, the Officers allegedly observed a Mazda 3 identified by Guam License Plate Number YN2847 park in the condominium's parking lot. Id. The Defendant exited the vehicle and walked up the stairs to the condominium being surveilled. Id. Police knocked on the condominium door and witnessed a male individual attempt to evade police by jumping off of a balcony. Id.

The police obtained and executed a search warrant for the condominium. Id. The officers found the Defendant and others in the unit. Id. The officers also discovered approximately two (2) grams of suspected methamphetamine in the condominium. Id. The officers also searched the Mazda 3, and found three (3) grams of suspected methamphetamine in the vehicle. Id. Samples of both the substance found in condominium and the substance found in the Mazda 3 were subjected to field tests. Id. The tests returned presumptive positive reactions for the presence of methamphetamines. Id.

On March 26, 2018, a Superior Court Grand Jury returned an Indictment against the Defendant and the other individuals found in the condominium. The Defendant is charged with **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a 1st Degree Felony), POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony), and POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a 1st Degree Felony).** Indictment 1-2 (Mar. 26, 2018).

The Defendant has an active, post-judgment matter also assigned to this Court in CF0182-16. On February 14, 2017, the Defendant pleaded guilty, to the Charge of **CONSPIRACY TO POSSESS A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony),** pursuant to a Plea Agreement entered into by the Defendant and the Government in that matter. See J. (Feb. 14, 2017). Pursuant to that Plea Agreement, the Court sentenced the Defendant to

probation for a period of five (5) years. Id. The conditions of the Defendant's probation period ordered by the Court included: that the Defendant shall not possess or consume any illegal controlled substances, and that the Defendant shall obey all the laws of Guam. Id.

### DISCUSSION

On April 17, 2018, the Defendant filed the instant Motion to Modify Bail Conditions. In the Motion, the Defendant argues she does not pose a danger to the community and she is not a flight risk. Def's Mot. Modify Bail Conditions 1 (Apr. 17, 2018). The People did not file an opposition to the Motion, however at the hearing on the Motion on May 21, 2018, the People orally requested that any release be to Third Party Custodians and not personal recognizance.

Under Guam Law, ". . . every person charged with an offense shall be ordered released pending trial in the manner and subject to the conditions provided by §§ 40.15 and 40.20." 8 GCA § 40.15(a) (2017). Section 40.15(b) provides, "[t]he judge shall order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such release will not reasonably assure the appearance of the person as required *or* will endanger the safety of any other person or the community." 8 GC A§40.15(b) (*emphasis added*). To determine whether there is a substantial risk of nonappearance or whether the person charged will endanger the safety of any other person or the community, Guam Law provides:

"(c) . . . the judge shall consider the following factors:
(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including: . . .
    (v) his/her prior criminal record; if any, including any record of prior release on recognizance or on bail;
    (vi) his/her history relating to drug or alcohol abuse; . . .
    (viii) whether, at the time of the current offense or arrest, he/she was on . . . other release pending trial . . .
    (ix) his/her history of compliance with Court orders;
(3) the nature and seriousness of the danger the person would pose to the community or to any individual thereof if released; and
(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released."

8 GCA § 40.15.

Under Section 40.20,

"[w]here the judge determines that release of the person . . . will not reasonably assure his/her appearance as required, or will endanger the safety of any other person or the community, the judge shall impose the least onerous of the following conditions which is reasonably likely to assure the person's appearance as required and the safety of any other person and the community, or if no single condition gives that assurance, the least onerous combination of the following conditions:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in Court;
(b) placement of restrictions on the activities, movements, associations and residence of the person;
(c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties . . .
. . . (e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community."

8 GCA § 40.20. Finally, Section 40.50 of Title 8 provides that "[a] person for whom conditions of release are imposed . . . and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA § 40.50(a).

Based on the information currently available to the Court, the Court finds that the Defendant's release on recognizance will not reasonably assure her appearance as required for the Court to dispose of the charges against her in this matter.

The Defendant is charged with Possession of a Controlled Substance with the Intent to Deliver. The Court is concerned with the seriousness of the charges. The return of presumptive positive drug tests also demonstrates to the Court the strength of the People's case against the Defendant. Thus, the Court finds the seriousness of the charges and likelihood of conviction factors weigh against release on personal recognizance.

Further, aside from the seriousness of the charges, the Court is also concerned with the Defendant's history of drug use. In CF0186-16, another felony case, the Defendant plead guilty to

Conspiracy to Possess a Controlled Substance. Pursuant to the Plea Agreement in that case, the Court ordered the Defendant to refrain from possessing illegal controlled substances, and to obey the laws of Guam. The Defendant was subsequently arrested for the alleged conduct underlying this case while still on probation in that matter. The Defendant now seeks to be released on her personal recognizance. The Defendant's failure to obey a previous court order and comply with the conditions of her probation in another matter both cut against releasing the Defendant on her personal recognizance.

As stated during the hearing on the Motion, the Court expressly reserves ruling on the issue of releasing the Defendant to Third Party Custodians. Should the Defendant present appropriate candidates who may legally serve as Third Party Custodians, the Court may consider releasing the Defendant to such Third Party Custodians, with other appropriate conditions, pending disposition of this matter. At this time however, for the reasons set out herein, the Defendant's Motion to Modify Bail Conditions is **DENIED.**

**CONCLUSION**

By preponderance of the evidence and based on the foregoing reasons, the Court confirms the oral **DENIAL** of the Defendant's Motion to Modify Bail Conditions.

SO ORDERED  **MAY 2 2 2018**   .

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: Atty L Camacho
Date: 5/22/18 Time: 1:30pm
Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam